IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DALTON, | No. CR 96-00276 SI |
| Defendant/Petitioner. | No. C 02-4949 SI |
| v. | **ORDER OF DISMISSAL** |
| UNITED STATES OF AMERICA, | |
| Plaintiff/Respondent. | |

John Dalton, a prisoner at F.C.I. Texarkana, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition is not his first federal habeas petition concerning his 1999 conviction in federal court. His earlier § 2255 habeas petition in *Dalton v. United States*, No. C 02-4949 SI, was denied on the merits on September 29, 2003.

A second or successive petition may not be filed in this Court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Mr. Dalton has not obtained such an order from the Ninth Circuit. This Court will not entertain a new petition from Mr. Dalton until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Mr. Dalton filing a petition in this court after he obtains the necessary order from the Court of Appeals for the Ninth Circuit [Docket No. 646].[1]

If Mr. Dalton wants to attempt to obtain the necessary order from the Ninth Circuit, he should

---

[1] In recent months, Mr. Dalton also has filed a motion for summary judgment, which can be found at Docket No. 642, and an earlier petition for habeas corpus, which can be found at Docket No. 636. He retracted the motion for summary judgment on April 29, 2008, *see* Docket Nos. 644 & 645, and retracted the earlier habeas petition on April 20, 2008, *see* Docket No. 643. The Court therefore will not consider these motions.

very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2255(h).

**IT IS SO ORDERED.**

Dated: June 30, 2008

SUSAN ILLSTON
United States District Judge