UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>    v.<br><br>DALTON,<br><br>          Defendant. | Case No. 96-cr-00276-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**<br><br>Re: Dkt. Nos. 701, 702 |

Before the Court is defendant John Dalton's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). Dkts. 701, 702. For the reasons set forth below, this Court **DENIES** Dalton's present motion, but encourages Dalton to examine his prospects for filing a formal application for commutation of sentence.

## BACKGROUND

Following a 1999 jury trial John Dalton was convicted of: (1) engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; (2) three counts of conspiracy to manufacture marijuana, in violation of 21 U.S.C. § 846; (3) manufacturing marijuana and possessing marijuana with intent to manufacture it, in violation of 21 U.S.C. § 841(a)(1); and (4) aiding and abetting, in violation of 18 U.S.C. § 2. *See* Dkt. 706-1 at 1. After Dalton's conviction, U.S. Probation prepared a Presentence Report ("PSR") that was later revised and submitted on November 29, 2000. The PSR found that Dalton's offense level was 38 because it was the greater of the two possibilities set by § 2D1.5 of the United States Sentencing Guidelines ("U.S.S.G.").[1] PSR ¶ 22.

---

[1] Specifically, the PSR found that under U.S.S.G. § 2D1.5(a), Dalton's offense level

1   The PSR recommended a two-level enhancement for obstruction of justice. PSR ¶ 26. The PSR
2   found that Dalton fell into Criminal History Category ("CHC") II. PSR ¶ 35. An offense level of
3   40, at CHC II, generated Dalton's sentencing range of 324 to 405 months. PSR ¶ 60.

4   At sentencing on December 1, 2000, this Court determined that Dalton's offense level was
5   40 and his CHC was II. Dkt. 706-1 at 1, 6. The Court imposed a sentence of 324 months. *Id*. at
6   2. The Ninth Circuit Court of Appeals affirmed Dalton's conviction. *United States v. Dalton*, 40
7   F. App'x 420 (9th Cir. 2002).

8   On February 3, 2015, Dalton moved for a reduction in sentence pursuant to 18 U.S.C. §
9   3582(c)(2) and Amendment 782 to the U.S.S.G. *See* Dkt. 701. On March 19, 2015, U.S.
10  Probation filed a Sentence Reduction Investigation Report that stated that because Dalton was
11  convicted under 21 U.S.C. § 848, his base offense level had not been reduced by Amendment 782
12  and his sentence could not be reduced pursuant to 18 U.S.C. § 3582(c)(2). *See* Dkt. 705 at 2. For
13  that reason, U.S. Probation recommended against granting the motion. *Id.*

## LEGAL STANDARD

16  18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an
17  imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment
18  based on a sentencing range that has subsequently been lowered by the Sentencing Commission.
19  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir.2013); *see also* 28 U.S.C. § 994(o).

20  The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a
21  two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

22  First, the Court must determine if a defendant is eligible for a sentence reduction based on
23  a guideline that has been lowered by the Sentencing Commission after the date defendant was
24  sentenced. 28 U.S.C. §§ 994(o), (u). On November 1, 2014, Amendment 782 to the U.S.S.G.
25  became effective. The Sentencing Commission provided that Amendment 782 would apply

---

27  would be 32 if calculated by using a base offense level of 4 plus the offense level from U.S.S.G. §
    2D1.1 based on the quantity. PSR ¶ 22. Given that U.S.S.G. § 2D1.5(a) instructs a court to use
28  the greater of 38 or the offense level derived from using the quantity drawn from U.S.S.G. §
    2D1.1, the PSR set Dalton's offense level at 38. *Id*. ¶¶ 21-22.

United States District Court
Northern District of California

retroactively to previously-sentenced defendants. U.S.S.G. §§ 1B1.10(d), (e)(1). Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); *Dillon*, 560 U.S. at 826-28.

**DISCUSSION**

Unfortunately for Dalton, his sentencing range has not changed because it did not rest on the provision in Section 2D1.1 that has been amended.[2] A defendant like Dalton convicted of continuing criminal enterprise under 21 U.S.C. § 848 faces the greater of (i) offense level 4 plus the offense level set forth in Section 2D1.1 based on the offense, or (ii) 38, whichever is higher. U.S.S.G. § 2D1.5. At sentencing this Court set Dalton's offense level at 38, and that offense level is unchanged by Amendment 782. *Cf. United States v. Williams*, 359 F. App'x 931, 933-34 (10th Cir. 2010) (affirming the district court's judgment that defendant was not entitled to § 3582(c)(2) relief because he was convicted of participating in a continuing criminal enterprise and Amendment 706 did not lower his guidelines range); *United States v. Thompson*, 354 F. App'x 412, 413-14 (11th Cir. 2009) (same).

Because Dalton is not eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission following the date of his sentence, this Court need not reach step two of the *Dillon* analysis.[3]

Dalton's motion (Dkt. 701) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S.S.G. is therefore **DENIED**.

The Court encourages Dalton to research the process for filing a formal application for

---

[2] Amendment 782 to the U.S.S.G. only amended the Drug Quantity Tables in U.S.S.G. §§ 2D1.1 and 2D1.11.
[3] *See Dillon*, 560 U.S. at 827 ("Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.")

commutation, or working with the pro bono attorneys at the "Clemency Project 2014" for this purpose.[4]

The formal commutation process begins with a federal inmate filing an application with the Office of the Pardon Attorney for commutation of sentence, known as a "Petition for Commutation of Sentence." *See* Department of Justice ("DOJ"), Commutation Instructions,[5] and Petition for Commutation of Sentence.[6]

The commutation petition must describe: (1) "offense(s) for which commutation is sought"; (2) any "other criminal record"; and (3) "reasons for seeking clemency." *Id.* After the petition is submitted, the Pardon Attorney investigates the petitioner, including contacting and "obtaining reports from[] appropriate officials and agencies of the Government, including the Federal Bureau of Investigation." 28 C.F.R. § 1.6(a). The Attorney General reviews the petition and investigation and recommends to the President whether to grant or deny the petition. 28 C.F.R. § 1.6(c).

Factors used to consider a commutation petition include: (1) "disparity or undue severity of sentence"; (2) "critical illness or old age"; (3) "meritorious service rendered to the government by the petitioner, *e.g.*, cooperation with investigative or prosecutive efforts that has not been adequately rewarded by other official action"; (4) "amount of time already served"; and (5) "availability of other remedies (such as parole)." DOJ, United States Attorney's Manual: Standards for Consideration of Clemency Petitions § 1-2.113. However, these factors are not exclusive, and "other equitable factors may also provide a basis for recommending commutation." *Id*.

The Court cautions that commutation of sentence is an extraordinary remedy that is rarely granted. DOJ, United States Attorney's Manual: Standards for Consideration of Clemency Petitions § 1-2.113.[7]

---

[4] *See* https://www.clemencyproject2014.org/.
[5] *Available at* http://www.justice.gov/pardon/commutation-instructions.
[6] *Available at* http://www.justice.gov/sites/default/files/pardon/legacy/2007/06/12/commutation_form.pdf.
[7] *Available at* http://www.justice.gov/usam/usam-1-2000-organization-and-functions#1-2.113.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Dalton's motion (Dkt. 701) filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S.S.G.

**IT IS SO ORDERED.**

Dated:  December 7, 2015

_____
SUSAN ILLSTON
United States District Judge