UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>    v.<br><br>DALTON,<br><br>            Defendant. | Case No. 96-cr-00276-SI-1<br><br>**INFORMATION RE: SENTENCE COMMUTATION**<br><br>Dkt. No. 707 |

On December 7, 2015 this Court denied Dalton's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Dkt. No. 707. In that order, the Court encouraged Dalton to research the process for filing a formal application for commutation, or working with the pro bono attorneys at the "Clemency Project 2014" for this purpose.[1]

The Court now stresses the importance of timely pursuing this remedy.

The formal commutation process begins with a federal inmate filing an application with the Office of the Pardon Attorney for commutation of sentence, known as a "Petition for Commutation of Sentence." *See* Department of Justice ("DOJ"), Commutation Instructions,[2] and Petition for Commutation of Sentence.[3]

The commutation petition must describe: (1) "offense(s) for which commutation is sought"; (2) any "other criminal record"; and (3) "reasons for seeking clemency." *Id.* After the petition is submitted, the Pardon Attorney investigates the petitioner, including contacting and

---

[1] *See* https://www.clemencyproject2014.org/.
[2] *Available at* http://www.justice.gov/pardon/commutation-instructions.
[3] *Available at* http://www.justice.gov/sites/default/files/pardon/legacy/2007/06/12/commutation_form.pdf.

"obtaining reports from[] appropriate officials and agencies of the Government, including the Federal Bureau of Investigation." 28 C.F.R. § 1.6(a). The Attorney General reviews the petition and investigation and recommends to the President whether to grant or deny the petition. 28 C.F.R. § 1.6(c).

Factors used to consider a commutation petition include: (1) "disparity or undue severity of sentence"; (2) "critical illness or old age"; (3) "meritorious service rendered to the government by the petitioner, *e.g.*, cooperation with investigative or prosecutive efforts that has not been adequately rewarded by other official action"; (4) "amount of time already served"; and (5) "availability of other remedies (such as parole)." DOJ, United States Attorney's Manual: Standards for Consideration of Clemency Petitions § 1-2.113. However, these factors are not exclusive, and "other equitable factors may also provide a basis for recommending commutation." *Id*.

The Court cautions that commutation of sentence is an extraordinary remedy that is rarely granted. DOJ, United States Attorney's Manual: Standards for Consideration of Clemency Petitions § 1-2.113.[4] Insofar as the Court is able, the Court encourages Dalton's pursuit of the remedy.

**IT IS SO ORDERED**.

Dated: April 12, 2016

                                                   *Susan Illston*
SUSAN ILLSTON
United States District Judge

---

[4] *Available at* http://www.justice.gov/usam/usam-1-2000-organization-and-functions#1-2.113.