UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>DALTON,<br><br>        Defendant. | Case No. 96-cr-00276-SI-1<br><br>**ORDER ON MOTION FOR TERMINATION OF FINE**<br><br>Re: Dkt. No. 726 |

Before the Court is defendant John Dalton's "Motion to Absolve Defendant of Any Further Collection of Court Ordered Fine (Pursuant to Title 18 U.S.C. § 3613(b)(1))." Dkt. No. 726. Mr. Dalton is self-represented. *See id.* The government opposes. Dkt. No. 727. For the reasons discussed below, Mr. Dalton's motion is **DENIED**.

**BACKGROUND**

Defendant John Dalton was convicted in federal court in September 1999 of one count of operating a continuing criminal enterprise, two counts of manufacturing marijuana and possessing marijuana with intent to manufacture, and three counts of conspiring to manufacture and possessing marijuana with intent to manufacture. Dkt. No. 345. On December 1, 2000, the Court held a sentencing hearing. Dkt. No. 434. Judgment was entered on January 3, 2001, in accordance with the sentence entered at the hearing: 324 months custody followed by 60 months of supervised release, and fine of $165,000. Dkt. No. 442. The fine was "due and payable immediately." *Id.* at 5.

Dalton has now served his custodial sentence; he was released on October 25, 2019. Dkt. No. 724. His supervised release was terminated early on April 25, 2022. Dkt. No. 725. Dalton

1 reports that he has paid towards his fine for over twenty-two years. Dkt. No. 726. Dalton moves

2 for the Court to terminate his liability to pay his fine because more than twenty years have passed

3 since entry of judgment against him. *Id.*

## DISCUSSION

**A.     Relief Is Not Available Under 18 U.S.C. § 3613(b).**

Dalton seeks termination of his liability to pay his fine under 18 U.S.C. § 3613(b), which states:

> **Termination of liability.**--*The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.* The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution. In the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount, and the lien provided in subsection (c) of this section shall continue until the estate receives a written release of that liability.

18 U.S.C. § 3613(b) (emphasis added). Dalton argues, and the Court agrees, that the relevant language within section § 3613(b) is the language discussing liability for a fine, not liability for restitution. *See* Dkt. No. 726. Dalton was not sentenced to restitution. Dkt. No. 442 at 6 (finding that "there is no victim of defendant's criminal conduct and consequently no restitution is ordered"). Dalton argues that because more than 20 years have passed since entry of judgment in this case, his liability to pay a fine is over. Dkt. No. 726.

But as shown above, the statute orders that liability to pay a fine "shall terminate *the later of* 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b) (emphasis added); *see United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (affirming order denying motion to set aside fine when more than 20 years had passed since judgment). The language of the statute is clear: the phrase "the later of" modifies "20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined." The Court cannot ignore the phrase "the later of" and cannot logically apply it to any other part of the sentence. Because Mr. Dalton's release from

imprisonment occurred later than the entry of judgment against him, his liability to pay a fine will terminate 20 years after his release from imprisonment. 18 U.S.C. § 3613(b).

Binding Ninth Circuit precedent supports the Court's reading of the statute. In *United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017), the Ninth Circuit rejected a criminal defendant's argument that he was eligible for termination of a fine when more than 20 years had passed since entry of judgment against him but fewer than 20 years had passed since his release from imprisonment.

Mr. Dalton's argument to the contrary may be based on an outdated version of the law. Prior to 1996, 18 U.S.A. § 3613(b) used to state:

> (b) **Expiration of lien**.--A lien becomes unenforceable and liability to pay a fine expires--
> (1) twenty years after the entry of the judgment; or
> (2) upon the death of the individual fined.

18 U.S.C. § 3613(b) (1993). Under this language, Mr. Dalton's argument would have been correct. But in 1996, Congress passed the Mandatory Victims Restitution Act of 1996 (the "MVRA"), Pub. L. No. 104-132, 110 Stat. 1227. *See United States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017) (discussing evolution of 18 U.S.C. § 3613(b)). The MVRA amended 18 U.S.C. § 3613(b) to read: "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." Pub. L. No. 104-132, 110 Stat. 1227. The relevant language put in place by the MVRA remains the same today.[1]

Having determined that the relevant law changed in 1996, the Court considered whether the earlier language could apply to Mr. Dalton's case. But Mr. Dalton's judgment was entered in January 2001, long *after* the MVRA took effect in 1996. *See* Dkt. No. 442. Further, in *United*

---

[1] The statute was amended again in 2016 to add language about restitution. Pub.L. 114-324, Dec. 16, 2016, 130 Stat. 1948  However, as Mr. Dalton recognizes, the restitution provisions do not apply to him. *See* Dkt. No. 726.

3

*States v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017), the Ninth Circuit decided that the new language created by the MVRA applied to a defendant who was sentenced before the MVRA was enacted. Thus, even if Mr. Dalton had been sentenced earlier, the MVRA would still apply. Given the Ninth Circuit's binding decision in *Blackwell*, the Court cannot grant Mr. Dalton the relief he seeks.

**B.     The Court Will Consider Any Motion Brought Under 18 U.S.C. § 3573.**

Although the government opposes Mr. Dalton's motion, it has stated that it would consider moving for remission of his fine under 18 U.S.C. § 3573 if Mr. Dalton responds to the government's requests for information about his financial condition. Dkt. No. 727. Relief under 18 U.S.C. § 3573 is only available "[u]pon petition by the Government." If such a motion is brought, the Court will be happy to consider it.

### CONCLUSION

The applicable statutes do not allow the Court to grant Mr. Dalton's motion. Accordingly, the defendant's motion is **DENIED.** As noted, however, the Court would favorably consider a motion filed by the government for remission of the remaining fine.

**IT IS SO ORDERED**.

Dated: June 16, 2023

_____
SUSAN ILLSTON
United States District Judge

4